SCHOTT, Judge.
This case arose out of a slip and fall by plaintiff in defendant’s supermarket. The trial court awarded plaintiff $27,000 for general damages and defendant has appealed. The only issue on appeal is whether the trial judge abused his discretion in making this award.
The accident occurred on November 12, 1980. When plaintiff fell she came down in a “split” with her legs extended from her body. She received initial treatment at the emergency room of Methodist Hospital and went to Dr. Milton Rosenkrantz, an orthopedist, on the following day. Her initial complaints were of pain in the right hip.
Twenty years previously plaintiff had suffered a severe injury to her left hip and leg which had necessitated removal of the left hip joint including the head of the femur and the acetabulum and the insertion of a metal plate with metal screws in the. joint. She had also undergone the removal of her left knee cap at that time.
Dr. Rosenkrantz initially found swelling in the right hip along with pain associated with movement. He recommended the use of crutches which had been issued to her at the hospital. Plaintiff told him that she experienced episodes of pain in her left hip prior to the accident but managed well with mild pain medication. She had walked without the aid of a cane or crutch, but she did wear a built up shoe on the left foot. She gave no history of back pain. When she returned for her next visit on November 20 she still had pain in her right thigh and had developed low back pain which the doctor diagnosed as a strain caused by stress and pressure on the back from the use of crutches. He prescribed bed rest and by December the back seemed to improve but she began to complain of pain in the left hip and knee. Again he attributed this development to the physical stresses involved in the use of crutches because of the disabled right hip. Over the next several months she continued to be treated by Dr. Rosenkrantz with complaints on different occasions of pain in the right hip, left hip, back and neck. Complaints of continued back pain in July led him to prescribe a corset but when this caused soreness on the right side of her body it was discontinued. By July she was still complaining of pain in the left hip and it was swollen. Dr. Rosenkrantz diagnosed trochanteric bursitis and administered cortisone injections. He also diagnosed an aggravation of arthritis in the back and left hip explaining that this condition existed prior to her accident as a result of the old surgery but was aggravated by the extended use of crutches necessitated by the injury to her right hip when she fell in defendant’s store in 1980.
On May 21, 1982/plaintiff saw another orthopedist, Dr. Stuart Phillips. He testified that plaintiff suffered an aggravation or acceleration of pre-existing arthritis. He based this opinion on the history supplied by plaintiff that she had worked as a teacher without difficulty prior to the 1980 accident but that she was disabled to some *812 extent since 1980 from pain in her back and left hip. He stated that plaintiffs 1980 accident-caused disability was mild to moderate and left her with a five to ten percent loss of function over and above the fifty percent disability she had from the old surgery. Asked how this disability could result from a fall on her right hip in 1980 Dr. Phillips stated “it depends on the stress that went on the body.” She was still under Dr. Phillips’ care at the time of the trial in October, 1982.
Defendant called Dr. Ray Haddad, an orthopedist to whom plaintiff went for treatment between October, 1981 and January, 1982. She complained primarily of pain in the left hip along with pain in her back and neck. He stressed the difficulty involved in testing plaintiff because of the complicated surgery. However, he thought plaintiff should have experienced difficulties with the left hip before the present accident and did not believe that her pre-existing condition was aggravated. This opinion was shared by Dr. Claude Williams, an orthopedist, who examined her twice at the request of defendant.
Plaintiffs testimony along with that of a friend and her job supervisor established that she was able to function without difficulty as a teacher before the subject accident but that she was disabled afterward.
Defendant’s version of the case is that plaintiff suffered only a slight injury to her right hip in the accident but that any prolonged suffering she might have experienced with her back and left hip would have occurred anyway and was not caused by the accident. This version finds support from the testimony of Drs. Rosenkrantz and Phillips, along with plaintiff and the lay witnesses. The trial judge accepted plaintiff’s version of the case as a series of difficulties resulting- from the initial fall and/or the use of crutches superimposed on a serious medical problem which was aggravated by the fall. We cannot conclude that the trial judge manifestly erred or abused his discretion in making the award.
AFFIRMED.